# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KATINA ROCHELLE CANDRICK, also known as Katina Lofton,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-178-1

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Katina Rochelle Candrick, federal prisoner # 39629-177, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her sentence based on Amendment 794 to U.S.S.G. § 3B1.2. By moving to proceed IFP, Candrick is challenging the district court's certification that her appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51325

litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The Supreme Court has prescribed a two-step inquiry for a district court that is considering a § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 826 (2010). The court must first determine whether a prisoner is eligible for a reduction as set forth in U.S.S.G. § 1B1.10(a). *Id.* If she is eligible, then the district court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. We review the decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

Although Candrick conclusionally asserts that she is entitled to a reduction, she abandons by failing to brief any argument challenging the district court's determination that she is ineligible because Amendment 794 is not retroactively applicable. *United States v. Charles,* 469 F.3d 402, 408 (5th Cir. 2006). Even had she briefed the argument, it would fail because Amendment 794 is not listed in U.S.S.G. § 1B1.10(d), p.s., and thus has not been made retroactively applicable. *See Dillon*, 560 U.S. at 826.

Candrick therefore cannot show an abuse of discretion on the district court's part. *See Henderson*, 636 F.3d at 717. She has failed to show that she will raise a nonfrivolous issue on appeal. *See Howard*, 707 F.2d at 220. Accordingly, the IFP motion is DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2.